GENOVA & MALIN
Attorneys for the Debtor
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

**DATE: MAY 23, 2017**
**TIME: 9:20 A.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

                                   **CHAPTER 13**

LONDINA A. CRUZ,                   **CASE NO. 13-36851  (CGM)**

                        Debtor.
--------------------------------------------------------X

**FINAL FEE APPLICATION OF GENOVA & MALIN AS COUNSEL FOR
THE DEBTOR FOR APPROVAL AND ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF
EXPENSES FROM JANUARY 12, 2017 THROUGH APRIL 17, 2017**

Name of applicant:                           GENOVA & MALIN

Authorized to provide
professional services to:                     Debtor

Date of Retention:                            August 13, 2013

**Final Fee Application Period** for          January 12, 2017 through April 17, 2017
which compensation and
reimbursement is sought:

Amount of Compensation sought
as actual, reasonable and necessary
for the **Final Fee Application Period:**     $2,566.96

This is an  : _____ interim  _____X_____ final application

This is the first and final fee application filed by GENOVA & MALIN with respect to the debtor
for the time period specified herein.

GENOVA & MALIN
Attorneys for the Debtor
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                           **CHAPTER 13**

LONDINA A. CRUZ,                                    **CASE NO. 13-36851  (CGM)**

                                   Debtor.
--------------------------------------------------------X

### APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION AND EXPENSES TO ATTORNEYS FOR DEBTOR UNDER <u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>

**TO THE HONORABLE CECELIA G. MORRIS, CHIEF U.S.  BANKRUPTCY JUDGE:**

The application of ANDREA B. MALIN, of the firm of  GENOVA & MALIN,

respectfully represents:

### <u>GENERAL BACKGROUND</u>

1.      On August 14, 2013, LONDINA A. CRUZ, (the "debtor"), filed a petition

with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

2.      Your applicant, on behalf of the debtor, has been responsible for guiding

the debtor's  estate through Chapter 13 of the Bankruptcy Code.

3.      At the time of the filing, the debtor owned real property located at 45 Fulton

Avenue, Poughkeepsie, New York 12601 (the "Residence").

4.      At the time of the filing, the debtor's Residence was encumbered

by a first mortgage lien held by NATIONSTAR MORTGAGE, LLC ("NATIONSTAR").

5.      After entering into a Modification Agreement with NATIONSTAR, the

debtor received a second permanent modification agreement which required additional approval by this Court.

6.     The debtor sought to file the petition in an effort to reorganize her financial situation.

## APPLICATION FOR FEES

7.     This application is made by GENOVA & MALIN, for an allowance of additional compensation for professional services rendered to and on behalf of the debtor from January 12, 2017 through April 17, 2017.

8.     Your applicant has acted as legal counsel to the debtor and has performed all of the necessary professional legal services in connection therewith.  GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred.   The entries in such records were made in the ordinary course of GENOVA & MALIN's business, concurrently with the rendition of such services and the incurring of such costs and expenses. A copy of the Rule 2016(b) Statement filed in this case is attached hereto as Exhibit "A".  A copy of the Retainer Agreement is annexed hereto and made a part hereof as Exhibit "B".  A summary of the time records and disbursements sheet is annexed hereto and made a part hereof as Exhibit "C".  Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtor are set forth in the following summary.

## ALLOWANCE OF COMPENSATION

9.   The allowance of compensation to estate professionals is governed by Section 330(a)(1)(A) of the Bankruptcy Code, which authorizes courts to award "reasonable compensation for actual, necessary services rendered."   Section 330(a)(3) provides guidance for determining whether compensation is reasonable, pointing out that courts should:

consider the nature, the extent, and the value of such services,

taking into account all relevant factors, including - (A) the time
spent on such services; (B) the rate charged for such services; ©
whether the services were necessary to the administration of, or
beneficial at the time which the service was rendered toward the
completion of a case under this title; (D) whether the services were
performed within a reasonable amount of time commensurate with
the complexity, importance, and nature of the problem, issue, or
task addressed; (E) with respect to a professional person, whether
the person is board certified or otherwise has demonstrated skill
and experience in the bankruptcy field; and (F) whether the
compensation is reasonable based on the customary compensation
charged by comparably skilled practitioners in cases other than
cases under this title.

The congressional policy expressed above provides for adequate compensation in order to

continue to attract qualified and competent professionals to bankruptcy cases. In re Drexel

Burnham Lambert Group, Inc., 133 B.R. 13, 18 (B.Ct.S.D.N.Y. 1991) ("Congress' objective in

requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy

cases were staffed by appropriate legal specialists."). GENOVA & MALIN respectfully submits

that consideration of these factors should result in the Court's allowance of the full amount of

compensation sought.

### SUMMARY OF PROFESSIONAL SERVICES RENDERED

### LOSS MITIGATION (7.2 hours; $2,170.50)

10.     On August 14, 2013, the debtor filed a Request for Loss Mitigation on her

first mortgage.

11.     On January 18, 2017, a second request for Loss Mitigation was filed with

this Court.

12.     In pursuing Loss Mitigation, this firm was required to have several

conferences with the debtor, review financial documents, agreements and trial modifications,

respond to the Objections of the mortgagee and appear at a Court Conference.

13.    On January 19, 2017, a Motion Approving the Loan Modification Offer was filed with the Court.

14.    On February 10, 2017, the mortgagee filed an Objection to the Approval of the Modification Offer.

15.    On March 24, 2017, after a hearing held by this Court, the Court entered a Loss Mitigation Order.

16.    On April 5, 2017, after a hearing held by this Court, the Court entered an Order Approving the Modification.

**FEE APPLICATION** (1 hours; $322.50)

17.    The times spent on the Fee Application includes, without limitation: time spent (I) reviewing monthly billing reports; (ii) preparing monthly fee statements; (iii) preparing (iv) the Fee Application; (v) copying the Fee Application; (vi) serving the Fee Application and (vii) filing the Fee Application on the Court's ECF System.

18.    The services rendered by GENOVA & MALIN during the Final Fee Application Period can be grouped into the following categories:

| Service Category | Hours | Fees |
|---|---|---|
| Loss Mitigation | 7.2 | $2,170.50 |
| Fee Application | 1.0 | $   322.50 |
| **TOTAL** | 8.2 | **$2,493.00** |

19.    Accordingly, your applicant has expended a has expended 3.2 hours of partner time and 2.6 hours of associate time and 1.8 hours of paralegal time from January 12, 2017 through April 17, 2017, in the rendition of its services to the debtor.  The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and

experience which your applicant brought to this matter.  The following is a brief description of the experience and background of your applicant:

**THOMAS GENOVA:** Mr. Genova has been practicing law in excess of thirty-five (35) years.  He has specialized in bankruptcy and reorganization cases as an attorney for debtors, creditors, creditors' committees, and as trustee in bankruptcy.  He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the New York State Bar Association Programs on Bankruptcy in 1994 and 1995; Eighth Annual Bankruptcy Law Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Bankruptcy, 1991; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Basic Bankruptcy in New York, 1993; National Business Institute Program on Foreclosures and Repossession, 1993; and National Business Institute Program on Fundamentals of Bankruptcy Law, 1994.  He is a member of the Orange County Bar Association, Dutchess County Bar Association, New York State Bar Association, American Bar Association, National Association of Bankruptcy Trustees; and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

**ANDREA B. MALIN:**  Ms. Malin has been practicing law in excess of twenty-six (26) years.  She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys.  She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

| Attorney | Position of Applicant | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Malin, Andrea | Partner | 1991 | $450.00 | 3.2 | $1,440.00 |
| Fitzgerald, Erina | Associate | 2015 | $225.00<br>$195.00 | 2.6<br>1.8 | $  585.00<br>$  351.00 |
| Total | | | | 7.6 | $2,376.00 |
| Blended Rate | | | | **$312.63** | |

| Paraprofessional | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Malin, Anthony | Legal Assistant | $195.00 | 0.6 | $   117.00 |
| Totals for paraprofessionals | | | 0.6 | $   117.00 |
| TOTAL | | | 8.2 | $2,493.00 |
| Total Blended Rate | | **$304.02** | | |

20.     Much has been written on the subject of the unusual conditions under which attorneys representing debtors in Chapter 13 cases must work.  As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment.  Nevertheless, they continue to work to protect their clients' interests, knowing that they may never be paid for all of their time.  Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors.  In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

21.     Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services.  Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

22.     Your applicant's standard time charge for the period from January 1, 2017 to date is FOUR HUNDRED FIFTY DOLLARS ($450.00) per hour for partner time, TWO HUNDRED TWENTY-FIVE DOLLARS ($225.00) per hour for associate time, and ONE HUNDRED NINETY-FIVE ($195.00) per hour for paralegal time.

## EXPENSES

23.     In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of professional services as aforesaid, as follows:

| Expense Category | Amount |
| --- | --- |
| Copy Costs     (442 @ .10) | $44.20 |
| Postage | $29.76 |
| Facsimile | $  0.00 |
| **TOTAL** | **$73.96** |

## COMPLIANCE WITH GUIDELINES

24.     GENOVA & MALIN believes that this Application substantially complies with the Guidelines.  To the extent there has not been material compliance with any particular rule or guideline, GENOVA & MALIN respectfully requests a waiver or opportunity to cure.

25.     No previous allowance has been made to your applicant for the services rendered as herein set forth.  A previous fee application was filed in this case on May 15, 2014

for the period of August 13, 2013 through May 15, 2014.  Your applicant has not, in any form or

guise, shared or agreed to share compensation to be received by it or any other person for

services rendered in connection with this matter.  No agreement or understanding prohibited by

18 U.S.C. §155 has been made by your applicant.

   **WHEREFORE**, your applicant respectfully requests that the Court enter an

Order under 11 U.S.C. §§330 and 503 allowing final compensation in the sum of TOW

THOUSAND FOUR HUNDRED NINETY-THREE DOLLARS ($2,493.00) and costs and

expenses in the sum of SEVENTY-THREE DOLLARS AND NINETY-SIX CENTS ($73.6); all

totaling the sum of TWO THOUSAND FIVE HUNDRED SIXTY-SIX DOLLARS AN

NINETY-SIX CENTS ($2,566.96); and for such other and further relief as to the Court may

seem just and proper.

Dated: Wappingers Falls, New York
   April 17, 2017


       GENOVA & MALIN
       Attorneys for Debtor
     By: /s/ Andrea B. Malin
       ANDREA B. MALIN (AM4424)
       1136 Route 9
       Wappingers Falls NY 12590
       (845) 298-1600