GENOVA & MALIN, LLP.
Attorneys for the Debtor
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Andrea B. Malin, Esq.
Michelle Trier, Esq.

DATE: SEPTEMBER 22, 2020
TIME: 9:00 A.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:

THERESA CRUZ,

       Debtor.
---------------------------------------------------------X

CHAPTER 13
CASE NO. 15-35798 (CGM)

**FINAL FEE APPLICATION OF GENOVA & MALIN, LLP. AS COUNSEL FOR THE DEBTOR FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES FROM AUGUST 3, 2020 THROUGH AUGUST 6, 2020**

| | |
|---|---|
| Name of applicant: | GENOVA & MALIN, LLP. |
| Authorized to provide professional services to: | Debtor |
| Date of Retention: | May 1, 2015 |
| **Final Fee Application Period** for which compensation and reimbursement is sought: | August 3, 2020 through August 6, 2020 |
| Amount of Compensation sought as actual, reasonable and necessary for the **Final Fee Application Period:** | $3,735.78 |

This is an  : _____ interim   \_\_\_\_X_____ final application

This is the first and final fee application filed by GENOVA & MALIN, LLP. with respect to the debtor for the time period specified herein.

GENOVA & MALIN, LLP.
Attorneys for the Debtor
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Andrea B. Malin, Esq.
Michelle Trier, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:
                                                                 **CHAPTER 13**
THERESA CRUZ,                                **CASE NO. 15-35798 (CGM)**

                        Debtor.
---------------------------------------------------------X

## APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION AND EXPENSES TO ATTORNEYS FOR DEBTORS UNDER 11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)

**TO THE HONORABLE CECELIA G. MORRIS, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

The application of ANDREA B. MALIN, of the firm of GENOVA & MALIN, LLP. respectfully represents:

### GENERAL BACKGROUND

1. On May 1, 2015, THERESA CRUZ (the "debtor"), filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

2. Your applicant, on behalf of the debtor, has been responsible for guiding the debtor's estate through Chapter 13 of the Bankruptcy Code.

3. After the filing of the petition and before the entry of the discharge, the debtor was in an accident for which she commenced an action for personal injury.

4. During the pendency of the Chapter 13 Case, the personal injury action settled and the debtor seeks to distribute the proceeds thereof.

5. The debtor sought to file the petition in an effort to reorganize her financial situation.

**APPLICATION FOR FEES**

6. This application is made by GENOVA & MALIN, LLP. for an allowance of additional compensation for professional services rendered to and on behalf of the debtor from August 3, 2020 through August 6, 2020.

7. Your applicant has acted as legal counsel to the debtor and has performed all of the necessary professional legal services in connection therewith. GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN'S business, concurrently with the rendition of such services and the incurring of such costs and expenses. A copy of the Rule 2016(b) Statement filed in this case is attached hereto as Exhibit "A". A copy of the Retainer Agreement is annexed hereto and made a part hereof as Exhibit "B". A summary of the time records and disbursements sheet is annexed hereto and made a part hereof as Exhibit "C". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtors are set forth in the following summary.

**ALLOWANCE OF COMPENSATION**

8. The allowance of compensation to estate professionals is governed by Section 330(a)(1)(A) of the Bankruptcy Code, which authorizes courts to award "reasonable compensation for actual, necessary services rendered." Section 330(a)(3) provides guidance for determining whether compensation is reasonable, pointing out that courts should:

> consider the nature, the extent, and the value of such services, taking into account all relevant factors, including - (A) the time spent on such services; (B) the rate charged for such services; © whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill

and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 18 (B.Ct.S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."). GENOVA & MALIN, LLP. respectfully submits that consideration of these factors should result in the Court's allowance of the full amount of compensation sought.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

### MOTION TO APPROVE AND DISTRIBUTE PERSONAL INJURY PROCEEDS (4.2 hours; $1,490.00)

9. Prior to the entry of the discharge, the debtor settled a personal injury action resulting from a vehicle accident.

10. Upon receiving the offer to settle, the firm was instrumental in guiding the personal injury firm representing the debtor through the settlement process in an open bankruptcy case.

11. On August 3, 2020, the firm prepared a Motion to Approve the Settlement of the personal injury action and the distribution of said funds.

12. In order to prepare the Motion, the firm was required to have several discussions with special counsel for the debtor, with the debtor and review the state court

pleadings, settlement offer and the circumstances surrounding the accident.

13. As it appears that debtor's special counsel has received a valid and appropriate offer for the injuries sustained by the debtor, it is believed that the Motion to Approve will be granted by this Court.

**FEE APPLICATION FOR SPECIAL COUNSEL** (3.2 hours; $1,040.00)

14. Upon completion of the settlement of the debtor's personal injury action, pursuant to this Court's Retention Order, it became necessary to file a Fee Application to for Special Counsel for representing the debtor with regard to same.

15. The times spent on the Fee Application, include, without limitation: (I) drafting the fee application and notice; (ii) meeting with Special Counsel to explain the fee application process, Special Counsel's necessity to appear on same and having Special Counsel review and sign off on the application; (iii) filing and serving the fee application and notice; (iv) reviewing Special Counsel's Retainer Agreement; and (v) preparing Special Counsel's Certification.

**FEE APPLICATION** (3.2 hours; $1,040.00)

16. The times spent on the Fee Application includes, without limitation: time spent (I) reviewing monthly billing reports; (ii) preparing the fee notice; (iii) preparing the Fee Application; (iv) copying the Fee Application and Notice; (v) serving the Fee Application and Notice; and (vi) filing the Fee Application and Notice on the Court's ECF System.

17. The services rendered by GENOVA & MALIN during the Final Fee Application Period can be grouped into the following categories:

| Service Category | Hours | Fees |
| --- | --- | --- |
| 9019 Motion | 4.2 | $1,490.00 |
| Special Counsel Fee Application | 3.2 | $1,040.00 |

| Fee Application | 3.2 | $1,040.00 |
| **TOTAL** | 10.6 | **$3,570.00** |

    18. Accordingly, your applicant has expended 5.8 hours of partner time and 4.8 hours of paralegal time from August 3, 2020 through August 6, 2020, in the rendition of its services to the debtor. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter. The following is a brief description of the experience and background of your applicant:

    **ANDREA B. MALIN:** Ms. Malin has been practicing law in excess of twenty-nine (29) years. She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys. She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

    **MICHELLE L. TRIER:** Ms. Trier has been practicing law for ten (10) years. She is a member of the New York State Bar Association, Dutchess County Bar Association, the Mid-Hudson Women's Bar Association, and the Hudson Valley Bankruptcy Bar Association (current President).

| Attorney | Position of Applicant | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Malin, Andrea | Partner | 1991 | $450.00 | 5.8 | $2,610.00 |
| Total | | | | 5.8 | $2,610.00 |
| Blended Rate | | | | **$450.00** | |

| Paraprofessional | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Pacifico, Leah | Legal Assistant | $200.00 | 4.8 | $ 960.00 |
| Totals for paraprofessionals | | | 4.8 | $ 960.00 |
| TOTAL | | | 10.6 | $ 3,570.00 |
| Total Blended Rate | | | **$336.00** | |

19. Much has been written on the subject of the unusual conditions under which attorneys representing debtors in Chapter 13 cases must work. As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their clients' interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

20. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Your Applicant believes that the

allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

21. Your applicant's standard time charge for the period from August 1, 2020 to date, are FOUR HUNDRED FIFTY DOLLARS ($450.00) per hour for partner time and TWO HUNDRED ($200.00) per hour for paralegal time.

### EXPENSES

22. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN, LLP. in connection with the rendition of professional services as aforesaid, as follows:

| Expense Category | Amount |
|---|---|
| Copy Costs    (738 @ .10) | $ 73.80 |
| Postage | $ 91.98 |
| **TOTAL** | **$165.78** |

### COMPLIANCE WITH GUIDELINES

23. GENOVA & MALIN believes that this Application substantially complies with the Guidelines. To the extent there has not been material compliance with any particular rule or guideline, GENOVA & MALIN respectfully requests a waiver or opportunity to cure.

24. No previous allowance has been made to your applicant for the services rendered as herein set forth. A previous fee application was filed with this Court on September 14, 2015 for the services provided for the period of May 1, 2015 to September 14, 2015 and on May 7, 2020 for services provided for the period of April 19, 2016 through May 7, 2020. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or

understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of THREE THOUSAND FIVE HUNDRED SEVENTY DOLLARS (43,570.00) and costs and expenses in the sum of ONE HUNDRED SIXTY-FIVE DOLLARS AND SEVENTY-EIGHT CENTS ($165.78); and for such other and further relief as to the Court may seem just and proper.

Dated: Wappingers Falls, New York
       August 6, 2020

                                            GENOVA & MALIN
                                            Attorneys for Debtor

By:   /s/ Andrea B. Malin
        ANDREA B. MALIN (AM4424)
        1136 Route 9
        Wappingers Falls NY 12590
        (845) 298-1600