UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re:

Theresa Cruz,

                              Debtor.
-------------------------------------------------------------X

### <u>AFFIRMATION IN OPPOSITION TO NOTICE OF MOTION AND APPLICATION TO APPROVE PERSONAL INJURY SETTLEMENT AND PROPOSED ORDER FOR DISTRIBUTION OF PROCEEDS</u>

Thomas C. Frost, Esq., the undersigned, affirms the following under the penalty of perjury:

1.      I am a Staff Attorney for Krista M. Preuss, Chapter 13 Trustee (hereinafter the "Trustee") and as such am fully familiar with the facts and circumstances set forth herein.

2.      Debtor Theresa Cruz, represented by her attorney Andrea B. Malin, Esq. (hereinafter "Counsel"), filed a voluntary chapter 13 petition and related schedules on May 1, 2015. *See*, ECF Dkt. No. 1.

3.      The case was thereafter confirmed by Order dated December 14, 2015. *See*, ECF Dkt. No. 43.

4.      This Opposition is respectfully submitted in connection with Debtor's pending Notice of Motion and Application to Approve Personal Injury Settlement and Proposed Order for Distribution of Proceeds (hereinafter the "Motion") filed on August 6, 2020. *See,* ECF Dkt. No. 71.

5.      The Debtor sustained a post-petition personal injury on or about October 1, 2015 and thereafter filed a lawsuit in New York State Supreme Court, County of Orange on or about June 19, 2018. *See,* Motion, Exhibit "A", ECF Dkt. No. 71-1.

6.    There can be no doubt that any non-exempt proceeds attendant to the post-petition injury claim are property of the estate under 11 U.S.C. § 541 and must be turned over to the Trustee.

7.    Despite the personal injury occurring in 2015, and the commencement of the lawsuit in 2018, Debtor failed to amend her Schedule B to set forth the action until August 4, 2020, or two days prior to this Motion being filed.  *See*, Amended Schedules, ECF Dkt. No. 70.

8.    Likewise, Debtor filed an amended Schedule "C" in an effort to exempt a portion of the personal injury proceeds. *Id.*

9.    Trustee respectfully requests the Court approve the settlement of the personal injury claim in the total amount of $85,000, as well as special counsel's fees and expenses of $30,472.08 as requested, however, direct that all non-exempt remaining funds be turned over to the Trustee as property of the estate which are needed to satisfy the remaining sums due for administrative Claim #7 for Genova & Malin.

I.    **ALL NON-EXEMPT PROCEEDS FROM THE POST-PETITION PERSONAL INJURY CLAIM MUST BE TURNED OVER TO THE CHAPTER 13 TRUSTEE PURSUANT TO 11 U.S.C. §541 AS PROPERTY OF THE ESTATE SO THAT COUNSEL'S BANKRUPTCY FEES AND EXPENSES CAN BE PAID BY THE TRUSTEE THROUGH THE PLAN PURSUANT TO FILED CLAIM #7 AND ORDERS OF THIS COURT AS REQUIRED BY §1326(c).**

10.    To be clear, Trustee has no opposition to the amount of the settlement itself, nor the fees/expenses being sought by special counsel Sobo & Sobo, LLP to be paid and distributed directly from the settlement proceeds.

11.    The Trustee does object to the payment of the bankruptcy fees/expenses of Genova and Malin outside the Plan.  According to 11 U.S.C. §1326(c), it is the Trustee who must disburse funds in this case to satisfy the administrative claim of Genova & Malin

represented by Claim #7 on the Bankruptcy Court Claims Register.

12.     Counsel has not set forth any compelling legal basis in the Motion for carving payment the payment of bankruptcy attorney fees and costs awarded to Genova & Malin out of the bankruptcy case and making them directly outside of the Plan from the  personal injury settlement.

13.      In fact, this Court dealt with a similar issue involving settlement proceeds in the recent case of *In re Worden,* SDNY # 19-36340, also a case handled by the Firm Genova & Malin.  The Court granted the Debtor's motion for the approval of a settlement agreement, but specifically ordered that "to the extent the settlement proceeds originate from non-exempt proceeds of the debtor's estate, that portion of the proceeds shall be paid to the Chapter 13 Trustee to be distributed…under the debtor's Chapter 13 Plan…."  *See, In re Worden*, Case No. 19-36340 (SDNY), ECF Dkt. No. 64. A copy of this Court's Order in *Worden* is annexed hereto as **Exhibit "A**" for your convenience.

14.     By seeking payment of her bankruptcy fees outside of the Plan directly from the personal injury settlement proceeds, Counsel is seeking to thwart the requirements of Section 541, as well as 1326(c) of the Code.  Additionally, such an arrangement asks the Court to shift the administrative burden and expense of this case onto every other debtor in this Court.  That is not how the bankruptcy system is structured and to make a special exception for Counsel in this case as a carve out would be a patently unfair result for all other debtors in this Court.

15.     The Court in *In re Ford* importantly noted that "[t]o allow debtors and creditors to pick and choose those claims they will submit to the supervision of the Trustee undermines the integrity of the entire trustee system."  179 B.R. 821, 823 (Bankr. E.D. Tex. 1995); *See also In re Breeding*, 366 B.R. 21, 27 (Bankr. E.D. Ark. 2007)(Requiring payment to be made to the Chapter 13 Trustee by debtors produces an

audit trail that minimizes debtor-creditor disputes over whether and when a payment has been made).

16.     The policy implications of this issue are extremely important and will have lasting impacts on the structure of the Chapter 13 program in this District going forward.

17.     The Debtor should be required to pay her fare share, just as all other Debtors do, and if all other debtors in this Court are left to pick up the tab, the result would be highly prejudicial and must not be allowed by this Court.

18.     Unless the non-exempt settlement funds are turned over to the Trustee, the Trustee will respectfully request this Court to dismiss the case as the Plan is not adequately funded to provide for the full repayment to all priority claims as required by 11 U.S.C. §1322(a)(2), namely, the balance remaining on Claim #7 filed on behalf of Genova & Malin in light of the recent fees and expenses of $7,068.56 awarded on June 9, 2020 by ECF Dkt. No. 69, and the application pending today before this Court in the additional total amount of $3,915.78.

WHEREFORE, the Trustee respectfully requests that the Court approve the personal injury settlement and special counsel's fees & expenses in the amounts requested, however require that all non-exempt proceeds be promptly turned over to the Chapter 13 Trustee to be paid through the Plan as property of the estate needed to satisfy the administrative Claim #7 of Genova & Malin pursuant to 11 U.S.C. §1322(a)(2), and for such other and further relief as may seem just and proper.

Dated: White Plains, New York
        September 15, 2020                          /s/ Thomas C. Frost
                                                    By: Thomas C. Frost (TF-0014)
                                                    Staff Attorney for Krista M. Preuss
                                                    Chapter 13 Trustee
                                                    399 Knollwood Road, Suite 102
                                                    White Plains, NY 10603
                                                    (914) 328-6333

# EXHIBIT A

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------X
In re:

                                      **CHAPTER 13**

MICHELLE L. WORDEN,                    **CASE NO. 19-36340(CGM)**

                    Debtor.
-------------------------------------------------------X

**ORDER PURSUANT TO BANKRUPTCY RULE 9019(a)
APPROVING SETTLEMENT OF MOTION TO DISMISS, OBJECTION TO
CONFIRMATION, WITHDRAWAL OF CLAIM AND THE ISSUE OF
<u>DISCHARGEABILITY OF THE DEBT</u>**

          The attorneys in the above-captioned case, GENOVA & MALIN, having moved

this Court for an Order Approving the Settlement of a Motion to Dismiss, Objection to Confirmation,

Withdrawal of Claim and Determination of Non-Dischargeability, as set forth in the Notice of Motion

to Approve Settlement, dated May 14, 2020, and upon reading and filing said Motion, dated May 14,

2020 and there having been an appearance in opposition thereto, and upon the record made at a

hearing held on June 30, 2020; due deliberation having been had thereon,

          **NOW,** on Motion of the debtor herein, pursuant to Federal Rule of Bankruptcy

9019(a), it is hereby

          **ORDERED,** that the Motion is hereby granted; and it is further

          **ORDERED**, that the debtor herein be and hereby is authorized to enter into and

perform under  the Settlement Agreement with LIBERTY MUTUAL GROUP, Inc. and LIBERTY

MUTUAL INSURANCE CO. annexed hereto as **Exhibit "A;"** and it is further

          **ORDERED,** that the debtor shall pay directly to LIBERY MUTUAL GROUP AND

LIBERTY MUTUAL INSURANCE CO. the settlement proceeds to the extent said proceeds

originate from exempt property or property that is not property of the estate; and it is further

ORDERED, that to the extent the settlement proceeds originate from non-exempt

proceeds of the debtor's estate, that portion of the proceeds shall be paid to the Chapter 13 Trustee to

be distributed to LIBERTY MUTUAL GROUP AND LIBERTY MUTUAL INSURANCE CO.

under the debtor's Chapter 13 Plan and said funds are to be disbursed by the Chapter 13 Trustee to

LIBERTY MUTUAL GROUP and LIBERTY MUTUAL INSURANCE CO. upon the Chapter 13

Trustee's receipt thereof.

/s/ Cecelia G. Morris



**Dated: July 2, 2020**
**Poughkeepsie, New York**

_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     Chapter 13
In Re:
                                                                   Case No: 15-35798 (CGM)
Theresa Cruz,
                                                                   **CERTIFICATE OF**
                                                                   **SERVICE BY MAIL**

                    Debtor.
     -------------------------------------------------------------X

      This is to certify that I, Thomas C. Frost, have this day served a true, accurate and correct copy of the within **Affirmation in Opposition including Exhibit A** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

ANDREA B. MALIN, ESQ.
GENOVA & MALIN, ATTORNEYS
THE HAMPTON CENTER
1136 ROUTE 9
WAPPINGERS FALLS, NY 12590

THERESA CRUZ
9 VINCENT DRIVE
CHESTER, NY 10918

UNITED STATES TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE
11A CLINTON AVENUE, ROOM 620
ALBANY, NEW YORK 12207
ATTN: ALICIA M. LEONHARD, ESQ.

SOBO & SOBO, LLP
ONE DOLSON AVE.
MIDDLETOWN, NY 10940
ATTN:  PETER A. IANNUZZI, ESQ.

This September 15, 2020
/s/ *Thomas C. Frost*
Staff Attorney for Krista M. Preuss
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914)328-6333

UNITED STATES BANKRUPTCY COURT      Chapter 13
SOUTHERN DISTRICT OF NEW YORK     Case No: 15-35798 (CGM)

In Re:

Theresa Cruz,

Debtor.

**AFFIRMATION IN OPPOSITION
AND
CERTIFICATE OF SERVICE**

KRISTA M. PREUSS, ESQ.
CHAPTER 13 TRUSTEE
By:  Thomas C. Frost, Esq.
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914) 328-6333